IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                          |   |                                   |
|------------------------------------------|---|-----------------------------------|
| OSBORNE MARK REAVES                       | : |                                   |
|                                          | : |                                   |
| v.                                       | : | Civil Action No. DKC-14-2245      |
|                                          | : |                                   |
| SALLY JEWELL, Secretary<br>Department of Interior | : |                           |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Freedom of Information Act ("FOIA") case are three motions: (1) a motion for redaction of personal contact information filed by Plaintiff Osborne Mark Reaves ("Plaintiff" or "Mr. Reaves") (ECF No. 7); (2) a motion to dismiss or for summary judgment filed by Defendant (ECF No. 8); and (3) a motion to strike Plaintiff's surreply filed by Defendant (ECF No. 14). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion to redact will be granted. Defendant's motion to dismiss will be granted, but Plaintiff may submit an amended complaint within fourteen (14) days. Defendant's motion to strike will be granted.

## I. Background

### A. Factual Background

Plaintiff Osborne Mark Reaves, proceeding *pro se*, filed a complaint on July 14, 2014 against the United States Department of the Interior ("Defendant") under the federal Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.  The following
facts are alleged in his complaint.  Plaintiff is a police
lieutenant employed by the United States Park Police ("Park
Police").[1]  Plaintiff received a letter of reprimand issued by
the Park Police on April 23, 2014, stemming from an incident
that occurred on July 4, 2013.  (ECF No. 1 ¶ 3).  Plaintiff
represents that he filed an EEO Complaint regarding the July 4,
2013 incident.  (*Id*.).  He states that he filed a FOIA request
by email dated May 19, 2014 directed to Charis Wilson, a FOIA
Officer with the National Park Service, "request[ing] access to
documents in connection with U.S. Park Police Administrative
Complaint #13-33392 and CN# 13-25704."  (*Id*. ¶ 5).  Plaintiff
requested:

> Any and all documents located in the case
> jacket of the above referenced case numbers
> to include the entire report of
> investigation; the Internal Affairs
> disposition report; transcripts of
> interviews taken during the investigation;
> handwritten notes generated by members of
> the Internal Affairs Unit; the interoffice
> memorandum concerning CN #13-33392 that
> states the disposition and proposed
> discipline, any and all written reports
> submitted by witnesses/suspects; any and all
> materials produced or reviewed by the Acting
> Commander of the Office of Professional
> Responsibility Captain Michael Libby.

---

[1] Plaintiff asserts that the U.S. Park Police is an arm of
the National Park Service, which is a bureau with the Department
of the Interior.  (ECF No. 1 ¶ 4).

(ECF No. 1-1, at 1-2).   In a follow-up email dated May 19, 2014

to Charis Wilson, Plaintiff requested "any and all emails sent

or received by the Acting Commander of the Office of

Professional Responsibility Captain Michael Libby regarding U.S.

Park Police Administrative Complaint #13-33392 and CN#13-25705."

(ECF No. 1-2, at 1).   By email dated June 3, 2014, Captain

Michael Libby stated:

> This is the Administrative release of the
> file for IAU case # 130089.  As an employee
> you[] are entitled to a copy of the file.
> This is NOT a release under FOIA or by your
> request.  The FOIA request you filed will be
> handled under the normal process and
> regulations.

(ECF No. 1-3) (emphasis in original).[2]   Plaintiff contends that

he reviewed the IAU case jacket and found that the IAU "violated

policy and made investigatory errors while conducting this

investigation."   (ECF No. 1 ¶ 8).   In the complaint, Plaintiff

indicated that he had not received *any* correspondence regarding

his FOIA request from Defendant since the email from Captain

Libby on June 3, 2014.   (*Id.* ¶ 9).   Plaintiff believes that

Defendant is withholding records that were part of the May 19,

2014 FOIA request.  (*Id.*).

---

[2] Plaintiff also asserts that on May 14, 2014, he contacted
Karlyn Payton of the U.S. Park Police Employee Relation Unit and
attempted to obtain the case jacket justifying the issuance of
the April 2014 letter of reprimand.  (ECF No. 1-4, at 1).
Plaintiff alleges that he did not receive the file when the
April 2014 letter of reprimand was issued, nor was he sent the
file following his May 14, 2014 request.  (ECF No. 1 ¶ 8).

### B.   Procedural History

On August 25, 2014, Plaintiff filed an unopposed motion for
redaction of personal contact information.  (ECF No. 7).  On
September 19, 2014, Defendant filed a motion to dismiss or, in
the alternative, for summary judgment.  (ECF No. 8).  Plaintiff
opposed the motion (ECF No. 10), and Defendant replied (ECF No.
12).  On November 7, 2014, Plaintiff filed a surreply.  (ECF No.
13).  On November 25, 2014, Defendant moved to strike the
surreply.  (ECF No. 14).

## II.  Analysis

### A.   Plaintiff's Motion to Redact

Plaintiff's motion to redact is in essence a motion to seal
his complaint and accompanying exhibits.  Plaintiff requests
that certain personal identifying information be redacted from
those filings.  (*See* ECF No. 7).  Plaintiff asserts that the
complaint, summonses, and exhibits contain his home address,
personal e-mail, and phone number, which he seeks to be
redacted.  Plaintiff explains that he is a police officer and
"the release of this information to the general public could
place [him] in danger or make [him] susceptible to harassment."
(*Id.*).  Plaintiff also asserts that he has already found
documents with his personal contact information displayed on
several websites.  Plaintiff provides redacted versions of the

complaint and accompanying exhibits. (*See* ECF Nos. 7-1 through 7-6). Defendant does not oppose Plaintiff's request.

Plaintiff's motion will be granted. Fed.R.Civ.P. 5.2(e) enables the court for good cause to order redaction of additional information beyond what is enumerated in Fed.R.Civ.P. 5.2(a).[3] Plaintiff has "proposed reasons supported by specific factual representations to justify the [requested]" redactions. *See* Loc.R. 105.11. Protecting the safety of law enforcement qualifies as good cause. Thus, the clerk will be directed to seal the complaint, summons, and accompanying exhibits, which have been replaced with the redacted versions Plaintiff supplied.[4]

**B.  Defendant's Motion**

Defendant argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or, in the alternative, summary judgment should be granted. The motion will be construed as a motion to dismiss.

---

[3] Fed.R.Civ.P. 5.2(a) requires parties to redact social security numbers, taxpayer-identification numbers, birth dates, names of minors, and a financial-account number.

[4] It appears that the certificate of service page and some of the accompanying exhibits attached to Defendant's motion and reply brief also contain personal identifying information that Plaintiff seeks redacted. Defendant will have seven (7) days to redact Plaintiff's home address, email, and phone number from its filings.

Defendant first argues that the case should be dismissed as moot[5] because it has produced all responsive documents, withholding and redacting only those documents subject to exemptions under FOIA. According to Defendant, Plaintiff filed his complaint on July 14, 2014, while Defendant was in the process of locating 111 pages of responsive documents, which were then sent to Plaintiff on September 16, 2014. (ECF No. 8, at 4). Thus, Defendant maintains that "there is no further judicial function for the court to perform." (*Id.* at 9). Defendant argues that because the release of documents eliminates any live controversy between the parties, the court lacks jurisdiction. (*Id.* at 9-10). In the alternative, Defendant contends that it is entitled to summary judgment because it conducted an adequate search for responsive documents, and only withheld or redacted documents that were exempt under FOIA. (*Id.* at 11). Defendant attaches a declaration from Lieutenant John Dillon, Assistant Commander in the Planning and Development Unit of the United States Park Police, who avers that he performed an exhaustive search for responsive documents. (ECF No. 8-2 ¶¶ 5, 8) ("U.S. Department of Interior withheld certain information from the provided

---

[5] "[M]ootness [is] derived from the Constitution, specifically Article III, which requires a 'case or controversy' as the fundamental ingredient of subject matter jurisdiction." *Mobley v. Acme Mkts., Inc.*, 473 F.Supp. 851, 858 (D.Md. 1979).

documents insofar as they are records or information that are protected under FOIA exemptions."). Defendant broadly discusses how the documents withheld are covered under FOIA exemptions, specifically 5 U.S.C. § 552(b)(5), (b)(6), and (b)(7). (*Id.* at 12-15).

In his opposition, Plaintiff indicates that he "would like to initiate an administrative appeal to contest the redactions in the records [he] received." (ECF No. 10). Plaintiff maintains that he has not received the full record he requested. Plaintiff proposes a stay, "so [that he] can contest the redactions with the agency through an <u>administrative appeal</u>." (*Id.*) (emphasis in original). In its reply brief, Defendant points out that Plaintiff "fails to offer an iota of detail as to why the U.S. Department of Interior failed to perform an adequate search." (ECF No. 12, at 3). Defendant also objects to a stay, arguing that it "has already produced the responsive documents to Plaintiff and properly withheld information pursuant to the FOIA exemptions. To allow Plaintiff to litigate a separate appeal through the agency's FOIA administrative appeals process would be redundant and lead to additional litigation regarding the same matter." (*Id.* at 5). Defendant acknowledges in a footnote in its reply brief that Plaintiff filed an administrative appeal with the Department of the Interior's FOIA Appeals Office on October 9, 2014. (*Id.* at 5

n.2).   However, Defendant cites its authority to suspend review
of Plaintiff's appeal pending the findings of this court,
pursuant to 43 C.F.R. § 2.60(c).   Defendant avers that "[t]his
court can easily dispose of this litigation by ruling that
Plaintiff's [c]omplaint is moot given the fact that Defendant
has already produced all responsive documents with appropriate
redactions.   It is wholly unnecessary for Plaintiff to go
through a separate administrative appeals process on these
issues." (*Id.*).[6]

FOIA provides a mechanism for citizens to obtain documents
from federal agencies, and grants federal district courts
jurisdiction to review agency compliance with citizens'
requests.   *Sanders v. United States*, Civ. Action No. DKC-06-
1528, 2006 WL 4707001, at *3 (D.Md. Nov. 14, 2006).   To make
requests under FOIA, a citizen must follow the agency's
published regulations regarding procedures to be followed.   *See*

---

[6] Plaintiff has filed a surreply, in which he reiterates his
request to stay court proceedings to "allow the administrative
process to run its course" and attaches as an exhibit the
administrative appeal he filed with Defendant's Appeals Office.
(*See* ECF Nos. 13, 13-1, 13-2).   Local Rule 105.2(a) states that
"[u]nless otherwise ordered by the court, surreply memoranda are
not permitted to be filed."   Here, Plaintiff did not seek leave
to file a surreply.   A surreply may be permitted "when the
moving party would be unable to contest matters presented to the
court for the first time in the opposing party's reply." *Khoury
v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation
omitted). It does not appear that Defendant presented any new
arguments in the reply brief; instead, Defendant replied to
Plaintiff's request for a stay.   Accordingly, Defendant's motion
to strike the surreply will be granted.

5 U.S.C. § 552(a)(3)(A)(ii); *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995).   FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records which reasonably describe such records . . . make the records promptly available to any person."   5 U.S.C. § 522(a)(3)(A).   In a lawsuit seeking the release of documents under FOIA, "[o]nce the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."   *Jacobs v. Fed. Bureau of Prisons*, 725 F.Supp.2d 85, 89 (D.D.C. 2010) (internal quotation marks omitted); *Morales v. Pension Ben. Guar. Corp.*, Civ. Case No. L-10-1167, 2012 WL 253407, at *4 (D.Md. Jan. 26, 2012) ("A FOIA action becomes moot when, during the pendency of a lawsuit seeking the disclosure of document, the requester is provided with all documents responsive to his request."); *Regional Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999).

In his opposition, Plaintiff does not address Defendant's arguments regarding mootness.   Instead, he disputes that Defendant provided him with all responsive documents.   The basis of Plaintiff's complaint, however, is that Defendant had not responded to his FOIA request at all.   In *Taitz v. Colvin*, Civ. Action No. ELH-13-1878, 2013 WL 6623196, at *1 (D.Md. Dec. 13, 2013), plaintiff also filed a federal lawsuit under FOIA because

the Social Security Administration did not respond to his
request.   During the pendency of that lawsuit, the Social
Security Administration produced responsive documents, and
plaintiff then argued in her opposition to defendant's motion to
dismiss or for summary judgment that defendant "did not conduct
an adequately thorough search for responsive documents" and
alternatively, that defendant possessed responsive documents
which it withheld.  *Id.* at *2.  Judge Hollander concluded that
"[p]laintiff's Amended Complaint was filed before the SSA
responded to her FOIA request, and has been rendered moot by the
SSA's response to her FOIA request."  *Id.*  Judge Hollander noted
that "[i]f plaintiff takes issue with the adequacy of the SSA's
response, she must amend her complaint to add allegations that
the SSA's response was deficient."

    Here, Defendant's production of documents also renders the
complaint moot.   Plaintiff now objects to the redactions and
believes he has not received the full record he requested.   "A
party cannot alter his or her claim through briefs[, however].
Instead, 'the proper procedure for plaintiff[] to assert a new
claim is to amend the complaint in accordance with Fed.R.Civ.P.
15(a).'"  *Taitz*, 2013 WL 6623196, at *2 (*quoting Gilmour v.
Gates*, *McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

    Plaintiff requests a stay so that he may pursue his
objections administratively, but it is unnecessary to keep this

case open, especially considering that his complaint has been rendered moot. *See, e.g., Morales*, 2012 WL 253407, at *4 (holding that plaintiff's complaint was moot insofar as it sought fulfillment of his outstanding FOIA requests, but conducting an *in camera* review of all redacted documents after plaintiff challenged the sufficiency of defendant's production). Moreover, Defendant informs that since it filed the reply brief, "the FOIA Appeals Officer has, in fact, declined to take any action on Plaintiff's administrative filing." (ECF No. 14, at 2 n.1). Defendant represents that in a letter dated November 14, 2014, "the FOIA Appeals Officer explained to Plaintiff that his appeal was rejected as this Court will make a determination on the disposition of his records request." (ECF No. 14, at 2 n.1). Plaintiff may file an amended complaint within twenty-one (21) days identifying the basis for his FOIA claim against Defendant.[7]

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to redact will be granted. Defendant's motion to dismiss will be granted, but Plaintiff will have twenty-one (21) days to file an amended

---

[7] Plaintiff attached as an exhibit to his surreply the appeal that he filed with Defendant's FOIA & Privacy Act Appeals Office. (See ECF Nos. 13-1 & 13-2). It appears that the appeal was prepared by an attorney on behalf of Plaintiff. (*See* ECF No. 13-1, at 9). If Plaintiff has retained an attorney to represent him in this case, the attorney must enter his appearance.

complaint.   Defendant's  motion  to  strike  will  be  granted.   A
separate order will follow.

                                                                    /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge