IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OSBORNE MARK REAVES

        v.                    :   Civil Action No. DKC-14-2245

SALLY JEWELL, Secretary
Department of the Interior

### MEMORANDUM OPINION

Presently pending and ready for resolution in this Freedom of Information Act ("FOIA") case is an unopposed motion to dismiss or for summary judgment filed by the United States Department of the Interior ("Defendant"). (ECF No. 23). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

## I.  Background

The factual and procedural background of this case was set forth in a prior memorandum opinion. (*See* ECF No. 15). Plaintiff, proceeding *pro se*, filed a complaint on June 14, 2014 against the United States Department of the Interior under the federal Freedom of Information Act, 5 U.S.C. § 552 *et seq.* (ECF No. 1). The basis for Plaintiff's complaint was that Defendant has not responded to his FOIA request at all. Subsequently, Defendant produced documents that it believed fully responded to

Plaintiff's request and moved to dismiss or for summary judgment, contending that the complaint had become moot. In his opposition to the motion, Plaintiff objected to redactions in the produced documents and argued that he had not received the full record he requested. The court issued a memorandum opinion and order on November 26, 2014 dismissing the complaint as moot but permitting Plaintiff to file an amended complaint within twenty-one (21) days identifying the basis for his FOIA claim against Defendant.[1]  (ECF No. 15, at 11).

On December 17, 2014, Plaintiff filed a document entitled, "petition for court fees and request to review the prop[r]iety of redactions" with a "Statement of Facts" as an exhibit. (ECF No. 19).  Plaintiff contends in this filing that he should be awarded the "court filing fee" because of Defendant's untimely release of documentation.  He also states that he disagrees with the redactions on responsive documents submitted by Defendant and "requests the court to review the propriety of the redactions." (*Id.*).  The court issued an order on December 24, 2014 construing Plaintiff's "petition" as an amended complaint. (ECF No. 22).  After receiving an extension of time to file a response, Defendant moved to dismiss or for summary judgment on

---

[1] Plaintiff requested a stay so that he could pursue his objections administratively, but the court concluded that it was unnecessary to keep the case open, especially considering that his complaint had been rendered moot.

January 14, 2015.  (ECF No. 23).  Plaintiff was provided with a *Roseboro* notice (ECF No. 24), which advised him of the pendency of the motion and his entitlement to respond within seventeen (17) days from the date of the letter.  *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).  To date, Plaintiff has not filed an opposition to the motion, and the time for him to do so has long expired.  *See* Local Rule 105.2(a).

## II.  Analysis

### 1.   Objection to Redactions

Defendant's motion will be construed as a motion to dismiss.  Because Plaintiff failed to file an opposition to the motion, the undersigned has the discretion to dismiss the case without reaching the merits.  Judge Hollander dismissed the complaint in *White v. Wal Mart Stores, Inc.*, Civil Action No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where a *pro se* plaintiff failed to oppose defendant's motion to dismiss.  Judge Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion.  *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d

772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim.").

Although the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," for the reasons explained below, this is not the case here. *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant.").

As Defendant argues, the one sentence in Plaintiff's amended complaint expressing his objection to Defendant's redactions is wholly insufficient. Plaintiff does not explain which specific redactions he believes are improper or include any supporting facts. Accordingly, Plaintiff's amended complaint does not identify with any specificity the basis for his FOIA claim against the Department of the Interior, and it will be dismissed.

4

2.   **Request for Litigation Costs**

The crux of the amended complaint is that Plaintiff should be awarded fees pursuant to 5 U.S.C. § 552(a)(4)(E).  In his opening "petition," Plaintiff asserts that he should be awarded the "court filing fee."[2]  Pursuant to 5 U.S.C. § 552(a)(4)(E), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."   A complainant "substantially prevail[s]" in  a case when he proves that "(1) his filing of the FOIA action was necessary to obtain the information sought and (2) the action had a 'substantial causative effect' on the ultimate receipt of that information." *Havemann v. Colvin*, 537 F.App'x 142, 149 (4th Cir. 2013) (*quoting Long v. U.S. I.R.S.*, 932 F.2d 1309, 1319 (9th Cir. 1991)).  In 2007, amendments to FOIA expanded on the meaning of "substantially prevailed," and added a clause (ii), which provides that "a complainant has substantially prevailed if the complainant has obtained relief through either – (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).  The Fourth

---

[2] The record reflects that Plaintiff paid a $400 filing fee when he filed the original complaint.

Circuit previously explained in *Reinbold v. Evers*, 187 F.3d 348, 363 (4th Cir. 1999), that "[t]o prove that he has substantially prevailed, [Plaintiff] must establish that his [FOIA] claim was reasonably necessary *and* substantially caused the requested records to be released." (emphasis in original). "[I]n the absence of a final judgment in his favor, [whether the plaintiff substantially prevailed] is a question of causation – the lawsuit must have resulted in the release of records that would not otherwise have been released."

If a determination is made that Plaintiff has substantially prevailed, the court must then evaluate four factors to decide whether he is entitled to an award: (1) the benefit to the public, if any, derived from the case; (2) the benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law. *Reinbold*, 187 F.3d at 362 n.16. "The decision whether to award fees is left to the discretion of the district court." *Morales v. Pension Ben. Guar. Corp.*, Civ. Case No. L-10-1167, 2012 WL 253407, at *8 (D.Md. Jan. 26, 2012).

Plaintiff asserts in the amended complaint that he could be said to have "substantially prevailed" because Defendant provided responsive documents to him after he filed the complaint. (ECF No. 19-1, at 3). Defendant argues that

6

Plaintiff is not entitled to any fees because he did not substantially prevail, considering that the original complaint was dismissed as moot. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required "within 20 days" after receiving the request to: (1) determine "whether to comply with [the] request" and (2) "immediately notify [Plaintiff] of [its] determination and the reasons therefor." Based on the allegations in the original complaint, Plaintiff filed the FOIA request by email dated May 19, 2014; he received an email from Captain Michael Libby on June 3, 2014 stating that "[t]he FOIA request you filed will be handled under the normal process and regulations." (ECF No. 1-3). Plaintiff indicated that he did not receive *any* correspondence regarding his FOIA request from Defendant until after he filed his complaint in July 2014, and Defendant released responsive documents approximately two months later, on September 16, 2014. Defendant contends that it was assembling the documents when Plaintiff filed suit and the documents would have been produced in any event. Thus, there is no clear showing that the lawsuit had a substantial causative effect on Defendant's final delivery of responsive documents.

Even if Plaintiff could be said to have "substantially prevailed" by prompting the release of responsive documents to his FOIA request, the court will exercise its discretion and decline to award any litigation costs. It is not at all clear

that there was any public benefit from this FOIA lawsuit.
Plaintiff indicates in his petition:

> Plaintiff initiated the FOIA request to
> defend himself against untimely discipline
> issued by [] Defendant and negate the
> charges in the Letter of Reprimand prior to
> the conclusion of the U.S. Park Police
> captain's examination. [] Defendant's
> failure to properly answer the FOIA request
> caused [] Plaintiff stress and anxiety.
> Since [] Defendant had an established
> pattern of untimeliness, Plaintiff did not
> know if or when he would receive the
> requested documents to defend himself.
> Please note that the Letter of Reprimand
> negatively affected Plaintiff's score of the
> promotional exam to Captain and the process
> was concluded when the list for Captain was
> published on August 25, 2014. [] Plaintiff
> was also unable to use the information he
> received through this FOIA request during
> EEO Mediation that occurred on August 5,
> 2014.

(ECF No. 19-1, at 2). Defendant contends that all of the FOIA
requests were made to serve Plaintiff's personal interests "and
not to serve the overriding purpose for FOIA (to inform the
public regarding matters of public concern). . . . [T]he
requests were simply aimed at advancing his private litigation
against Defendant and assisting him on a personal level in the
workplace." (ECF No. 23-1, at 10).

The analysis in *Morales*, 2012 WL 253407, at *8, is
instructive:

> Morales is certainly correct that "FOIA
> requests can be made for any reasons
> whatsoever" and that "as a general rule, the

identity of the requesting party does not
have any bearing on proper disclosure of
information under the act." [] The identity
and motive of the requester are entirely
relevant, however, in assessing a motion for
award of costs and fees. The Fourth Circuit
has stated that FOIA "was not designed to
supplement the rules of civil discovery."
[*Nix v. United States*, 572 F.2d 998, 1003
(4th Cir. 1978)]; *see also NLRB v. Robbins
Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)
("FOIA was *not* intended to function as a
private discovery tool.") (emphasis in
original); *J.P. Stevens & Co. v. Perry*, 710
F.2d 136, 143 (4th Cir. 1983) (where
plaintiff sought to use FOIA to obtain
documents that would be used in later Title
VII litigation, "*Robbins Tire* makes clear
that such premature discovery was not
intended"). . . . This court declines to
award costs and fees because Morales is
using FOIA as a substitute for civil
discovery and not to advance the purposes
for which FOIA was enacted.

Here, Plaintiff's own allegations reveal that he received a
letter of reprimand issued by the Park Police stemming from an
incident that occurred on July 4, 2013, and that later he filed
an EEO Complaint regarding the July 4, 2013 incident. His FOIA
request asked for documents "in connection with U.S. Park Police
Administrative Complaint." (ECF No. 1 ¶ 5). It appears that at
least some of the information sought pertained to his EEO
complaint against Defendant. Although Defendant should have
responded to the FOIA request within the time frames prescribed
by statute and should not have delayed its response as to

whether it would comply with the FOIA request, the court declines to award costs in this instance.

## III. Conclusion

For the foregoing reasons, Defendant's motion will be granted.   A separate order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge